FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ADRIAN JAYSON ANDRADE,

    Plaintiff,

v.

CURTIS HESTER and JAMES SHIKE, Chief of Yakama Police Force,

    Defendants.

NO: 1:17-CV-3039-SMJ

ORDER DISMISSING FIRST AMENDED COMPLAINT

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 10. According to Plaintiff's submission, he is a convicted federal prisoner housed at the Benton County Jail, ECF No. 10 at 2. He is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Furthermore, Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, Defendant Chief Hoptowit has been terminated as a Defendant to this action and Defendant James Shike has been added, and the name of Defendant Hestler has been altered to Hester.

ORDER DISMISSING FIRST AMENDED COMPLAINT --1

Plaintiff brings this action against a Yakama Tribal Police Officer and the Chief of the Yakama Police Force. He asserts jurisdiction under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)[1]. Plaintiff claims he was unlawfully detained in violation of the Fourth Amendment on the Yakama Nation Indian Reservation in the town of White Swan.

## PLAINTIFF'S ALLEGATIONS

Plaintiff seeks $2 million in monetary damages. He claims that on approximately January 18, 2017, Defendant Curtis Hester, a Tribal Police Officer, pulled Plaintiff over in the absence of an apparent traffic violation. ECF No. 10 at 5. Plaintiff claims Defendant Hester began shouting at Plaintiff, telling him to get out of the car, and addressing him by another individual's name. *Id.*

Plaintiff avers that, after exiting the vehicle with his hands up and advising Defendant Hester of his name, Defendant Hester allegedly pulled out his baton and told Plaintiff to "shut the fuck up" while addressing him by the other individual's name. ECF No. 10 at 5. Plaintiff claims Defendant Hester then struck Plaintiff in the face, breaking his nose; on the top of the head, splitting his head

---

[1] "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

ORDER DISMISSING FIRST AMENDED COMPLAINT --2

open; and on the side of his face, breaking his cheek bone. *Id.* at 5-6. Plaintiff asserts Defendant Hester then struck him in the legs and kneecaps, causing deep tissue bruising and swelling. *Id.* at 6. Plaintiff indicates that he received medical treatment at the Yakima County Jail, as well as at an outside hospital. *Id.* at 6.

Plaintiff contends that Chief James Shike had previously terminated Defendant Hester for assaulting his wife and for pulling a firearm on a citizen while off duty. ECF No. 10 at 6. Plaintiff asserts that Defendant Shikes should be "held accountable" for re-hiring Defendant Hester, a person known for violent behavior. *Id.*

## BIVENS

While these allegations are disturbing, this Court is without jurisdiction to remedy them. To the extent Plaintiff is asserting that Defendants were acting under color of tribal law, he cannot succeed in a claim of the deprivation of constitutional rights. *See R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law."); *See also Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989).

ORDER DISMISSING FIRST AMENDED COMPLAINT --3

Plaintiff alleges no facts from which the Court could infer that Defendants were enforcing federal law at the time of the alleged use of excessive force or when determining to re-hire a Tribal Police Officer. Plaintiff has alleged no facts showing Defendant Shike authorized the conduct or directed the policies which resulted in the allegedly unlawful use of force. Plaintiff's allegations are insufficient to state a cognizable *Bivens* claim.

## SOVEREIGN IMMUNITY

In addition, Defendants would enjoy sovereign immunity. As recognized by the United States Supreme Court: "Indian tribes are 'distinct, independent political communities, retaining their original natural rights' in matters of local self-government. Although no longer 'possessed of the full attributes of sovereignty,' they remain a 'separate people, with the power of regulating the internal and social relations.' They have power to make their own substantive law in internal matters, and to enforce that law in their own forums." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55–56 (citations omitted).

"[Sovereign Immunity] extends to tribal officials when acting in their official capacity and within their scope of authority." *United States v. Oregon*, 657 F.2d 1009, 1013 n. 8 (9th Cir. 1981). Plaintiff has indicated only that Defendant Hester engaged with him in his capacity as a tribal law enforcement officer. He

has alleged no facts which would lower the shield of sovereign immunity. *See Pistor v. Garcia*, 791 F.3d 1104, 1113 (9th Cir. 2015).

Consequently, the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants in their official capacity. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 371 (1978) (emphasizing that a federal court is a court of limited jurisdiction and therefore it must have subject matter jurisdiction).

Accordingly, **IT IS ORDERED:** the First Amended Complaint, ECF No. 10, is **DISMISSED for lack of subject matter jurisdiction.** This dismissal does not count as a strike under 28 U.S.C. § 1915(g). *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file**.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** this 2nd day of August 2017.

*[signature]*
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT --5